**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BETTER PATH COALITION, PLANNING GROUP, an unincorporated association, and KAREN FERIDUN,** | **CIVIL ACTION NO. 1:22-CV-623** |
| **Plaintiffs** | **(Judge Conner)** |
| **v.** | |
| **CITY OF HARRISBURG and HON. WANDA R. D. WILLIAMS, Mayor, City of Harrisburg,** | |
| **Defendants** | |

## ORDER

AND NOW, this 3rd day of May, 2022, upon consideration of plaintiffs' motion (Doc. 3) for a temporary restraining order and preliminary injunction, wherein plaintiffs move the court to direct defendants to waive certain permitting requirements related to plaintiffs' proposed festival and demonstration on June 11 through 12, 2022, and the court observing that the purpose of a temporary restraining order or preliminary injunction is to "maintain the status quo, defined as the last, peaceable, noncontested status of the parties," pending further proceedings in the case, see Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 318 (3d Cir. 2015) (quoting Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 197 (3d Cir. 1990)); that our court of appeals disfavors requests for temporary restraining orders seeking affirmative relief, see Hope v. Warden York Cnty. Prison, 956 F.3d 156, 160-61 (3d Cir. 2020); and that whether to issue a temporary restraining order or preliminary injunction is

governed by a familiar four-factor test,[1] under which we must first consider the two "most critical" factors, likelihood of success on the merits and irreparable harm, see Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017), and, if these "gateway" factors are satisfied, then weigh the balance of the equities and the public interest, see id. at 176, 179, and, having reviewed the arguments and heard from counsel for both parties during an emergency telephonic hearing on today's date, and taking the factors in turn, the court finding: *first*, that plaintiffs' success on the merits is unknowable because of the numerous underlying factual disputes elucidated by the parties during the telephonic hearing, and, *second*, that the City of Harrisburg has reserved Riverfront Park for plaintiffs' use on the relevant dates, more than five weeks remain between today's date and the proposed dates for the demonstration, thereby ameliorating harm to the plaintiffs pending a preliminary injunction hearing which can and shall convene forthwith, and that the court is prepared to rule with dispatch following that proceeding, it is hereby ORDERED that:

1. Plaintiffs' motion (Doc. 3) for temporary restraining order and preliminary injunction is DENIED without prejudice as to the request for a temporary restraining order but DEFERRED as to the request for a preliminary injunction.

[1] Temporary restraining orders and preliminary injunctions are governed by "nearly identical factors," the principal distinctions being in procedure and effect. See Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 236 n.4 (3d Cir. 2011). Unlike a preliminary injunction, a temporary restraining order can issue without notice to the adverse party and will dissolve on its own, unless extended by the court or with consent of the adverse party under Federal Rule of Civil Procedure 65(b)(2). See id.

2. A hearing and oral argument on plaintiffs' motion (Doc. 3) for preliminary injunction are scheduled for **Tuesday, May 24, 2022**, in Courtroom #2, Ninth Floor, United States Courthouse and Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania. **The hearing shall begin promptly at 10:00 a.m. Each party shall be allotted two hours to present evidence in support of their respective positions. The hearing will conclude with oral argument from each party.**

3. Defendants shall file a brief responding to plaintiffs' motion (Doc. 3) for preliminary injunction **by close of business on Friday, May 13, 2022**, to file expedited responses to plaintiffs' motion (Doc. 3) for preliminary injunction. Plaintiffs may file a reply brief in further support of their motion **by close of business on Friday, May 20, 2022.**

4. The parties shall cooperate in completing all expedited discovery necessary for the hearing by **Monday, May 16, 2022**. In the event that discovery disputes arise and are not resolved after counsel attempt in good faith to do so, the parties shall bring the matter to the court by way of a telephone conference rather than through formal motion practice. If a discovery dispute arises, counsel shall file a letter to the docket requesting a telephonic discovery conference and outlining the nature of the discovery dispute.

6. This matter is REFERRED to Chief Magistrate Judge Karoline Mehalchick for purposes of assignment to a magistrate judge for a settlement conference to be conducted promptly following the close of expedited discovery ordered in paragraph 4.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania