May 9, 2022

Murray J. Weed
LAVERY LAW
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
mweed@laverylaw.com

AMERICAN CIVIL LIBERTIES UNION
Pennsylvania

Eastern Region Office
PO Box 60173
Philadelphia, PA 19102
215-592-1513 T
267-573-3054 F

Central Region Office
PO Box 11761
Harrisburg, PA 17108
717-238-2258 T
717-236-6895 F

Western Region Office
PO Box 23058
Pittsburgh, PA 15222
412-681-7736 T
412-345-1255 F

**RE:** ***Better path Coalition Planning Grp., et al. v. City of Harrisburg, et al.*, M.D. Pa. Civil Action No. 1:22-cv-00623**

Dear Mr. Weed:

I write on behalf of Plaintiffs in the above-referenced matter to provide, in brief, Plaintiffs' position on the overbroad, oppressive, and harassing discovery requests you served on behalf of Defendants City of Harrisburg and Mayor Wanda D. Williams on May 5, 2022. We will serve formal responses to the Interrogatories and Requests for Production ("RFP") in due course. As discussed during our phone call on Friday, however, we think it prudent to raise the most critical issues with these requests right away given the short time we have under the Court's May 3 Order to resolve disputes and complete pre-hearing discovery.

As an initial matter, the immense scope of these requests goes far beyond what the Court contemplated when granting expedited discovery in advance of the preliminary injunction hearing. Faced with just 5 requests outlined in Plaintiffs' Motion for Expedited Discovery, and with the May 16 expedited discovery deadline looming, you served 18 Interrogatories and 18 RFPs (with multiple subparts) ranging from irrelevant to the harassing to the unconstitutional. Taken together, these requests are grossly disproportionate to the needs of the case and violate the basic principle that expedited discovery in advance of a preliminary injunction hearing should be "narrowly tailored to fit the needs of a preliminary injunction hearing." *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. 1:21-CV-00658, 2021 WL 1740582, at *3 (M.D. Pa. May 3, 2021) (quoting *Better Packages, Inc. v. Zheng*, No. 05-CV-04477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006)).

While the Court set this case for a preliminary injunction hearing to resolve perceived "factual disputes elucidated" during the TRO argument (Dkt. 15 at 2), the only factual issues troubling the Court during the May 2 argument had to do with the details of the planned Climate Convergence events, what conditions the City would ultimately impose on the festival and march, and whether those requirements are indeed "standard." It was in that context that

Defendants requested and were granted a reciprocal opportunity to conduct limited expedited discovery. Against that background, Plaintiffs agree to provide the substance of communications between their representatives and any City official about the Climate Convergence. We anticipate providing documents and information that are responsive to Interrogatory Nos. 11, 15, and 16 and RFP Nos. 2, 7, and 13.

Beyond that, virtually all of the remaining requests are inappropriate for a variety of reasons, particularly in light of the limited purpose of expedited discovery in advance of a preliminary injunction hearing. For example, several requests exceed constitutional limitations by seeking details about association membership. Federal courts routinely deny such discovery, as it "would have the practical effect of discouraging the exercise of First Amendment associational rights." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")). This principle protects from disclosure the information sought in multiple requests, including Interrogatory Nos. 1, 3, 4, 6, and 17, and RFP Nos. 5, 6, 8, and 11.

Given the constitutional implications of intruding on the right to free association, "the party seeking such discovery must demonstrate a need for the information sufficient to outweigh the impact on those rights." *Id.* The details the City seeks about the Better Path Coalition's member organizations is not even minimally relevant or necessary to "'ensure a clear and focused factual record' for the hearing." *Epsilon Energy*, 2021 WL 1740582, at *2 (quoting *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-CV-00465, 2011 WL 4478477, at *7 (D. Del. Sept. 26, 2011)). They are certainly not so necessary as to overcome the constitutional problems created by a government entity's demand for associational membership information.

Nor are the requests concerning Plaintiffs' finances (*e.g.*, Interrogatory Nos. 3, 4, 8-10; RFP Nos. 5, 6, 8, 10-12)[1] relevant or necessary to address any material factual dispute at the preliminary injunction hearing. Defendants essentially seek a detailed audit of Plaintiffs' finances in service of a theory that charges for free assembly are somehow reasonable if the Better Path Coalition, or some combination of its members, have resources to pay what the City demands. Of course, reasonableness is not the First Amendment standard, and unconstitutional barriers to free speech do not become constitutional when imposed on plaintiffs who have means to pay. Plaintiffs' First Amendment claim—that the City improperly delegates unfettered discretion to its officials to impose unenumerated, content-based prior restraints on free speech rights—simply does not implicate the Plaintiffs' ability to pay whatever charges City officials decide to impose.

In response to our attempt to discuss these improper requests, you responded by referencing commentary from the May 2 oral argument about potentially requiring the Better Path Coalition to reallocate limited budget funds away from the Climate Convergence to pay the City's charges.

[1] Your request for Plaintiff Feridun's personal tax returns (RFP No. 10) is especially troubling. In the context of this litigation, the City could not possibly demonstrate the high relevance and compelling need required to compel production of tax returns. *See HIS, Inc. v. 48 States Transp., LLC*, No. 4:19-cv-352, 2020 WL 32333, at *2 (M.D. Pa. Jan. 2, 2020).

You appear to have misunderstood the point of those comments, which are directed to the irreparable-harm element of the preliminary injunction standard, not to the merits of Plaintiffs' First Amendment claim. The point is that monetary compensation after a full adjudication on the merits would be an insufficient remedy if the Better Path Coalition is forced in the meantime to divert funds from the Climate Convergence budget to pay the City's unconstitutional charges. That point remains true regardless of the particular numbers involved, rendering Defendants' requests about Plaintiffs' finances entirely irrelevant to the issues raised by Plaintiffs' claims.

In sum, Plaintiffs will provide only the requested information that is discoverable and relevant to the material factual issues, as outlined above. Plaintiffs will not provide documents or information in response to Defendants' other requests absent further order of the Court. Please let me know if you have any questions or would like to discuss further.

Best regards,

Stephen A. Loney, Jr.

cc: All counsel of record (via email)