# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BETTER PATH COALITION PLANNING GROUP, an unincorporated association; and KAREN FERIDUN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF HARRISBURG; and Hon. WANDA R. D. WILLIAMS, Mayor, City of Harrisburg,**<br><br>**Defendants.** | **Case No. 1:22-cv-00623** |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby respond and object to Defendants' First Set of Interrogatories as follows. Plaintiffs reserve the right to assert additional objections and to supplement, modify, or amend these objections and responses.

**GENERAL OBJECTIONS**

Plaintiffs incorporate by reference the following General Objections into each and every specific response below. A specific response may repeat a General Objection for emphasis. The omission of any General Objection in any specific

response to an Interrogatory is not intended to be, and should not be, construed as a waiver or limitation of any General Objection to that response. The inclusion of any specific objection in any specific response to an Interrogatory is not intended to be, and should not be construed as, a waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

1. Plaintiffs object to the Interrogatories in their entirety as overly broad, unduly burdensome, oppressive, and harassing because they are not narrowly tailored to fit the needs of the impending preliminary injunction hearing, they exceed the scope of expedited discovery contemplated in advance of the preliminary injunction hearing, and seek information that is irrelevant to the issues raised by Plaintiffs' Motion for Preliminary Injunction.

2. Plaintiffs object to the Interrogatories in their entirety because they violate the proportionality rule set forth in Fed. R. Civ. P. 26(b)(1), in that the burdens Defendants seek to impose through these unnecessary Interrogatories outweighs the minimal (if any) benefit the information sought would have to resolving the issues raised by Plaintiffs' Motion for Preliminary Injunction.

3. Plaintiffs object to the Interrogatories and accompanying Definitions as unduly burdensome, oppressive, and harassing because they purport to impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

4. Plaintiffs object to the Interrogatories because they call for information or documents protected from discovery by the attorney-client privilege, the work product doctrine, the First Amendment privilege against disclosure of associational memberships, *see NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958), or any other applicable privilege or protection. The inadvertent disclosure of such information or documents is not intended to relinquish, and shall not be deemed a waiver of, any applicable privilege or protection.

5. Plaintiffs object to the Interrogatories because they seek documents and information that (a) are already in Defendant's possession, custody or control; (b) are in the possession, custody or control of third parties; (c) are in the public domain; (d) are otherwise as accessible to Defendant as they are to Plaintiffs; or (e) can more reasonably and conveniently be obtained from a source other than Plaintiffs.

6. Plaintiffs object to the Definitions, Instructions, Interrogatories and Requests for Production to the extent that they seek information for time periods beyond those relevant to the issues in this case as overly broad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and otherwise beyond the scope of permissible discovery.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. Identify the members of the Better Path Coalition Planning Group. Provide names, addresses, and telephone numbers.

**Response:**

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Interrogatory because it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

2. To the extent known to you or any other representative, please provide the name and home and/or business addresses of all persons or entities having any knowledge or information pertaining to the facts giving rise to this suit and/or injuries and damages sustained by you, and provide a description of all facts and/or information that each individual has knowledge about and stating whether each person or entity has provided you with an oral or written statement.

**Response:**

Plaintiffs object to this Interrogatory because it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs identify Karen Feridun as the representative with knowledge of all facts giving rise to this suit. By way of further response, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs refer Defendants to the factual averments in the Complaint and Motion for Preliminary Injunction for a description of the relevant facts known by Ms. Feridun.

3. Identify each source of funding for Better Path Coalition Planning Group including sponsors and donors including names, addresses, emails, and telephone numbers including but not limited to the following groups identified by Plaintiffs as members of the Better Path Coalition Planning Group and how much has been donated to the Pennsylvania Climate Convergence as of April 29, 2022.

- 350 Bucks County
- 350 Philadelphia
- Beaver County Marcellus Awareness Community (BCMAC)

- Berks Gas Truth
- Bucks Concerned Citizens Against the Pipelines
- Bucks County Sierra Club
- Bucks Environmental Action
- Camp White Pine
- Care of Creation
- Coalition for Peace Action (CFPA) PA Chapter
- Concerned Citizens of Lebanon County
- Defend Ohi:yo'
- Delaware Riverkeeper Network
- EcoJustice Working Group Thomas Merton Center
- Freshwater Accountability Project
- Green Amendments For The Generations
- Greyroots Action
- Juniata Watershed People Before Pipelines
- Lancaster Against Pipelines
- Lebanon Pipeline Awareness
- Lehigh Valley, PA Chapter, Climate Reality Leadership Corps
- Marcellus Outreach Butler
- March on Harrisburg
- Northampton Community College Climate Action Network
- Patriots from the Oil & Gas Shales
- Pennsylvania Council of Churches
- Physicians for Social Responsibility – Philadelphia
- Protect PT
- RDA
- Salve the Allegheny
- Save Our Streams PA
- Sustainable Monroeville
- Unitarian Universalist Legislative Advocacy Network (UUPLAN)
- Uwchlan Safety Coalition
- Way Forward

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Interrogatory because it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership and donation information. *See Ams. for Prosperity Foundation v. Bonta*, --- U.S. ---, 141 S.Ct. 2373, 2386 (2021); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

4. Identify each source of funding for the Pennsylvania Client [*sic.*] Convergence including names, addresses, email addresses, and telephone numbers for sponsors and donations in the years 2021 and 2022.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Interrogatory because it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership and donation information. *See Ams. for Prosperity Foundation v. Bonta*, --- U.S. ---, 141 S.Ct. 2373, 2386 (2021); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

5. Identify the organizers of the Pennsylvania Climate Convergence. Provide names, addresses, emails and telephone numbers.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any

claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs identify Karen Feridun as the lead organizer of the Pennsylvania Climate Convergence.

6. Identify the representative, point of contact, address, email address, and telephone number of the following members of the Better Path Coalition Planning Group. Specifically:

- 350 Bucks County
- 350 Philadelphia
- Beaver County Marcellus Awareness Community (BCMAC)
- Berks Gas Truth
- Bucks Concerned Citizens Against the Pipelines
- Bucks County Sierra Club
- Bucks Environmental Action

- Camp White Pine
- Care of Creation
- Coalition for Peace Action (CFPA) PA Chapter
- Concerned Citizens of Lebanon County
- Defend Ohi:yo'
- Delaware Riverkeeper Network
- EcoJustice Working Group Thomas Merton Center
- Freshwater Accountability Project
- Green Amendments For The Generations
- Greyroots Action
- Juniata Watershed People Before Pipelines
- Lancaster Against Pipelines
- Lebanon Pipeline Awareness
- Lehigh Valley, PA Chapter, Climate Reality Leadership Corps
- Marcellus Outreach Butler
- March on Harrisburg
- Northampton Community College Climate Action Network
- Patriots from the Oil & Gas Shales
- Pennsylvania Council of Churches
- Physicians for Social Responsibility – Philadelphia
- Protect PT
- RDA
- Salve the Allegheny
- Save Our Streams PA
- Sustainable Monroeville
- Unitarian Universalist Legislative Advocacy Network (UUPLAN)
- Uwchlan Safety Coalition
- Way Forward

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for

Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Interrogatory to the extent that it seeks information that is publicly available and easily obtainable by Defendants. To the extent that contact information for any of the organizations named in this Interrogatory has not been publicly disclosed, Plaintiffs object to the request for information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

7. Identify the date when the website known as the Pennsylvania Climate Convergence was set up, activated, and able to accept donations.

**Response:**

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

Subject to and without waiver of the forgoing General or Specific Objections, Plaintiffs state that the Pennsylvania Climate Convergence website launched in February 2022.

8. Identify all donations for the Pennsylvania Climate Convergence including all donations sent through:

a. Marcellus Outreach Butler (MOB) located at 209 Little Creek Road, Harmony, Pennsylvania;
b. Pennsylvania Climate Convergence through its website;
c. under EIN #45-2600456;
d. through Protect PT, PO Box 137, Harrison City, PA 15636;
e. or the telephone number 724-392-7023; and
f. any other source.

**Response:**

Plaintiffs object and respond to this Interrogatory by reference their Objections and Response to Interrogatory No. 3, which is fully incorporated as if restated herein.

9. Identify the total amount of donations collected from the date of the set-up of the website for Pennsylvania Climate Convergence until April 29, 2022.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for

Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

10. Identify the total funds held by Better Path Coalition Planning Group and the Pennsylvania Climate Convergence on April 29, 2022.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

11. Identify all conversations, and other points of contact including emails and letters that Plaintiffs and/or their legal counsel have had with City of Harrisburg representatives regarding the event and march which is the subject of this litigation. State the date, the individuals in attendance, and provide a summary of the communication.

**Response:**

Plaintiffs object to this Interrogatory as unduly burdensome because it seeks information already in Defendants' possession, custody, and control, and to the extent that it seeks to impose on Plaintiffs the burden of summarizing for Defendants the substance of communications to which Defendants were party.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs respond to this Interrogatory pursuant to Fed. R. Civ. P. 33(d) by reference to copies of responsive communications that will be produced on or before May 16, 2022.

12. Please identify the date when Better Path Coalition Planning Group met to obtain authorization from its members to proceed with the civil action in the above styled case which is the basis of the present litigation, and the vote tally for the action.

**Response:**

Plaintiffs object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Plaintiffs further object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

13. Please identify any and all social media accounts you used between January 2022 and the present, whether active or inactive, providing the username for each account.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

14. State the following information regarding Plaintiff Karen Feridun:

a. Full name;
b. Date and place of birth;
c. Present home address;
d. Occupation and employer.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

15. Identify if and when Witold "Vic" J. Walczak orally told City of Harrisburg Solicitor Neil Grover that the number of persons in the march would be 100 persons or any number of marchers in that range or any words to that effect.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

Subject to and without waiver of the forgoing General or Specific Objections, Plaintiffs state that neither they nor their representatives (including Mr. Walczak) has ever told any representative from the City of Harrisburg that the number of persons expected at the June 12, 2022 Climate Convergence march is 100. By way of further response, Plaintiffs state that their representatives have consistently estimated a march crowd of approximately 1,000 people in all of their communications with City of Harrisburg representatives. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs refer to copies of responsive communications that will be produced on or before May 16, 2022, which will include an April 14, 2022 email from Mr. Grover to Mr. Walczak expressly "not[ing] that the original application listed 1000 expected participants."

16. Identify all documents referred to or utilized in the preparation of Plaintiffs' answers to the Interrogatories.

**Response:**

Plaintiffs object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs respond to this Interrogatory pursuant to Fed. R. Civ. P. 33(d) by reference to copies of responsive communications that will be produced on or before May 16, 2022.

17. Identify any meeting, conference, conversation, document, email, letter or other correspondence where the Better Path Planning Group discussed or determined the estimate of how many persons would attend the march and the festival. Provide the date and time of any such communication and the names, addresses, email addresses and telephone numbers of all participants.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

18. Identify the process used to create the estimates you used for determining the number of persons attending the festival and march.

**Response**:

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and harassing because it seeks information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

Dated: May 16, 2022

/s/Stephen A. Loney, Jr.
Stephen A. Loney, Jr. (No. 202535)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org

Witold Walczak (No. 62976)
Richard Ting (No. 200438)
Connor Hayes (No. 330447)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org
chayes@aclupa.org

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BETTER PATH COALITION PLANNING GROUP, an unincorporated association; and KAREN FERIDUN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF HARRISBURG; and Hon. WANDA R. D. WILLIAMS, Mayor, City of Harrisburg,**<br><br>**Defendants.** | : | **Case No. 1:22-cv-00623** |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTIONOF DOCUMENTS**

Pursuant the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby respond and object to Defendants' First Set of Requests for Production of Documents Directed to Plaintiffs as follows. Plaintiffs reserve the right to assert additional objections and to supplement, modify, or amend these objections and responses.

## GENERAL OBJECTIONS

Plaintiffs incorporate by reference the following General Objections into each and every specific response below. A specific response may repeat a General

Objection for emphasis. The omission of any General Objection in any specific response to any Request is not intended to be, and should not be, construed as a waiver or limitation of any General Objection to that response. The inclusion of any specific objection in any specific response to a Request is not intended to be, and should not be construed as, a waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

1. Plaintiffs object to the Requests in their entirety as overly broad, unduly burdensome, oppressive, and harassing because they are not narrowly tailored to fit the needs of the impending preliminary injunction hearing, they exceed the scope of expedited discovery contemplated in advance of the preliminary injunction hearing, and seek information that is irrelevant to the issues raised by Plaintiffs' Motion for Preliminary Injunction.

2. Plaintiffs object to the Requests in their entirety because they violate the proportionality rule set forth in Fed. R. Civ. P. 26(b)(1), in that the burdens Defendants seek to impose through these unnecessary Requests for Production outweigh the minimal (if any) benefit the information sought would have to resolving the issues raised by Plaintiffs' Motion for Preliminary Injunction.

3. Plaintiffs object to the Requests and accompanying Definitions as unduly burdensome, oppressive, and harassing because they purport to impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

4. Plaintiffs object to the Requests because they call for information or documents protected from discovery by the attorney-client privilege, the work product doctrine, the First Amendment privilege against disclosure of associational memberships, *see NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958), or any other applicable privilege or protection. The inadvertent disclosure of such information or documents is not intended to relinquish, and shall not be deemed a waiver of, any applicable privilege or protection.

5. Plaintiffs object to the Requests because they seek documents and information that (a) are already in Defendant's possession, custody or control; (b) are in the possession, custody or control of third parties; (c) are in the public domain; (d) are otherwise as accessible to Defendant as they are to Plaintiffs; or (e) can more reasonably and conveniently be obtained from a source other than Plaintiffs.

6. Plaintiffs object to the Definitions, Instructions, and Requests for Production to the extent that they seek information for time periods beyond those relevant to the issues in this case as overly broad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and otherwise beyond the scope of permissible discovery.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

1. Any and all documents identified and/or in any way pertaining to your responses to Defendants' Interrogatories directed to Plaintiffs or referenced while preparing your responses thereto.

**Response:**

Plaintiffs incorporate the above General Objections and the General and Specific Objections set forth in Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories.

Subject to and without waiver of such General and Specific Objections, Plaintiffs will produce responsive non-privileged documents.

2. Any and all documents (including hard copy, written, and electronic), social media posts, emails, text messages, voice mails, chat messages, recorded telephone calls, photographs, pictures, and videos in any format that reference, refer, or pertain to the event and the march which is the subject matter of this litigation with the exception of any communication which would be privileged under the attorney work-product or attorney-client privilege under the Federal Rules of Civil Procedure.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome and oppressive, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs are producing documents and communications exchanged

with the City of Harrisburg and its officials and personnel concerning the planned 2022 Pennsylvania Climate Convergence event.

3. Any and all statements, notes, diaries, logs of events, journals, memoranda or conversations and/or recordings as defined by the Federal Rules of Civil Procedure as applicable, from any and all witnesses, including but not limited to any party to this action or their respective agents, servants or employees that reference, refer, or pertain to the event and the march which is the subject matter of this litigation with the exception of any communication which would be privileged under the attorney work-product or attorney-client privilege under the Federal Rules of Civil Procedure.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, and oppressive, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Request as vague, ambiguous, and unintelligible. Plaintiffs further object to this Request to the extent that it is duplicative of Request No. 2.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs incorporate by reference their response to Request No. 3 as if fully restated herein.

4. All documents or exhibits which you intend to offer or identify as exhibits and/or evidence at any deposition, preliminary injunction hearing, or at the trial of this matter.

**Response**:

Plaintiffs object to this Request because it seeks to impose on Plaintiffs obligations to prematurely disclose their trial and hearing strategy in violation of the attorney work product doctrine.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs state that they will disclose any proposed deposition, hearing and/or trial exhibits at the time and in the manner proscribed by the Federal Rules of Civil Procedure, the Local Civil Rules for the Middle District of Pennsylvania, and any judicial procedures required by the presiding judge in this matter.

5. All recorded donations relating to Pennsylvania Client [*sic.*] Convergence or Better Path Coalition Planning Group under EIN #45-2600456 or any other tax identification number for the years 2021 and 2022.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Request to the extent that it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of

individuals' associational membership and donation information. *See Ams. for Prosperity Foundation v. Bonta*, --- U.S. ---, 141 S.Ct. 2373, 2386 (2021); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

6. All records of donations to the Pennsylvania Climate Convergence or Better Path Coalition Planning Group processed or otherwise handled by Marcellus Outreach Butler (MOB) for the years 2021 and 2022.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Request to the extent that it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership and donation information. *See Ams. for Prosperity Foundation v. Bonta*, --- U.S. ---, 141 S.Ct. 2373, 2386 (2021); *see also*

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

7. To the extent not already provided, any and all voice messages, recordings of telephone calls, videos, photographs, documents and handwritten, typewritten or electronic correspondence including but not limited to emails, chat messages, social media posts, and text messages between you and any other person referencing, regarding, or in any way pertaining to or referencing the facts, incident(s) and/or claim(s) set forth in your complaint with the exception of any communication which would be privileged under the attorney work-product or attorney-client privilege under the Federal Rules of Civil Procedure.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and oppressive, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Request as vague, ambiguous, and unintelligible.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs incorporate by reference their response to Request No. 3 as if fully restated herein.

8. To the extent not already provided, all records of donations to the Pennsylvania Climate Convergence or Better Path Coalition Planning Group processed or otherwise handled by Protect PT for the years 2021 and 2022.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Request to the extent that it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership and donation information. *See Ams. for Prosperity Foundation v. Bonta*, --- U.S. ---, 141 S.Ct. 2373, 2386 (2021); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

9. Any and all documents, filings, Court Orders, correspondence, memoranda, notes, etc., (including electronic and paper copy documents) regarding any previous lawsuits, claims, complaints, charges, etc., Karen Feridun, Better Path

Coalition Planning Group, and Pennsylvania Climate Coalition have filed or which have been filed against you.

**Response**:

Plaintiffs object to this Request as vague, ambiguous, and unintelligible. Plaintiffs further object to this Request because it appears to seek documents that are publicly available and readily obtainable by Defendants. Plaintiffs further object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

10. Any and all documents and records, including but not limited to Karen Feridun's tax returns from 2020 until present demonstrating yearly income, wages, etc.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks highly sensitive documents and information that is not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

11. All records of donations to the Pennsylvania Climate Convergence or Better Path Coalition Planning Group processed or otherwise handled by mary@protect.org or by a person or persons at telephone number 724-392-7023.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this Request to the extent that it seeks information protected from disclosure under the First Amendment to the U.S. Constitution by requiring disclosure of individuals' associational membership and donation information. *See Ams. for Prosperity Foundation v. Bonta*, --- U.S. ---, 141 S.Ct. 2373, 2386 (2021); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (applying *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action.")).

12. Any and all documents showing the total amount of funds available to Pennsylvania Climate Convergence, Karen Feridun, and Better Path Coalition Planning Group from April 29, 2022, until the present.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

13. Any and all documents relating to the planning and/or in support of your application to the City of Harrisburg related to the event and march which are the subject of the litigation.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs incorporate by reference their response to Request No. 3 as if fully restated herein.

14. To the extent that you have not already provided the same in response to previous requests herein, all statements obtained from any witnesses or memoranda of conversations with witnesses or recordings of witnesses' statements, memoranda, or recordings made by parties to this lawsuit or their representatives.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this request to the extent that it seeks documents and information protected by the attorney work product and/or attorney client privilege doctrines. Plaintiffs further object to this request as vague and ambiguous, including in its use of the undefined term "statements."

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs state that they have no non-privileged documents that are responsive to this Request.

15. To the extent not already provided in response to previous requests herein, all statements made by any party to this action, including written statements, signed or otherwise adopted or approved by the person making it or stenographic, mechanical, electrical, or other recording or transcription thereof, which is a substantially verbatim recital of an oral statement and contemporaneously recorded.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this request to the extent that it seeks documents and information protected by the

attorney work product and/or attorney client privilege doctrines. Plaintiffs further object to this Request as vague and ambiguous, including in its use of the undefined term "statements."

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs state that they have no non-privileged documents that are responsive to this Request.

16. All documents, minutes, member present totals, votes, or vote totals, for the meeting of the majority of the members of the Better Path Coalition Planning Group where they voted to approve filing the litigation styled in the case hereinabove.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing. Plaintiffs further object to this request to the extent that it seeks documents and information protected by the attorney work product and/or attorney client privilege doctrines. Plaintiffs further object to this request as vague, ambiguous, and unintelligible.

Subject to and without waiver of the forgoing General and Specific Objections, Plaintiffs state that they have no non-privileged documents that are responsive to this request.

17. All documents, emails, correspondence, minutes, regarding the process and conclusions reached on the estimate of the attendees at the festival and the participants in the march.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

18. Provide all processes, formulas, estimates, notes or other documents that describe, show, demonstrate or otherwise detail or explain the process used to create the estimates of attendees at the festival and participants in the march.

**Response**:

Plaintiffs object to this Request as overbroad, unduly burdensome, oppressive, and harassing because it seeks documents and information that are not relevant to any claim or defense in this litigation or any issue raised by Plaintiffs' Motion for Preliminary Injunction, and because it is not narrowly tailored to the needs of the impending preliminary injunction hearing.

Dated: May 16, 2022

/s/Stephen A. Loney, Jr.
Stephen A. Loney, Jr. (No. 202535)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org

Witold Walczak (No. 62976)
Richard Ting (No. 200438)
Connor Hayes (No. 330447)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org
chayes@aclupa.org

*Counsel for Plaintiffs*