**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BETTER PATH COALITION PLANNING GROUP, an unincorporated association; and KAREN FERIDUN,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 1:22-cv-00623** |
| **CITY OF HARRISBURG; and Hon. WANDA R. D. WILLIAMS, Mayor, City of Harrisburg,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL PLAINTIFFS' RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Date: October 14, 2024

**Lavery Law**

Murray J. Weed, Esquire
Attorney No. PA329717
Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Matthew O. Sanyour, Esquire
Attorney No. PA323694
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
mweed@laverylaw.com
flavery@laverylaw.com
msanyour@laverylaw.com
*Attorneys for Defendants.*

## I. INTRODUCTION

Everything Plaintiff seeks violates the most fundamental rules of liberal civil discovery. Defendants' discovery requests are directed to nonprivileged, relevant information proportional to the needs of this case. Plaintiffs seek to assert and rely upon material facts while refusing Defendants' discovery requests about the same alleged facts.

Merely because Plaintiffs disagree with Defendants' arguments in their own defense, the same is not sufficient basis for Plaintiffs to unilaterally deny the requests. Due to Plaintiffs' intransigence, discovery is this matter has thus far been prejudicially lopsided, with Defendants turning over thousands of pages of responsive documents and identifying multiple potential deponents while Plaintiffs have refused even the most basic requests for information. Defendants have been given only the named Plaintiff to depose, despite numerous averments of acts undertaken by multiple unnamed individuals other than Plaintiff Feridun.

Plaintiffs have mischaracterized the nature of the dealings between the parties. They materially misrepresented relevant facts in an obvious effort to recast their own refusal to respond to Defendants' inquiries. Plaintiffs falsely assert that Defendants "declined to provide clarification or meet and confer." (DOC. 103, §I, n.3). The parties held a meet-and-confer on July 31, 2024, as averred on the record by both parties. (DOC. 84, pg. 2; DOC. 84-1). Upon request for additional clarification after

numerous discussions and the above meet-and-confer on the eve of the discovery conference before this Court, Defendants asked what specific issues Plaintiffs found unclear. Plaintiffs refused further response and chose to interpret this question regarding their inquiry as itself, a refusal.[1]

To put it as simply as possible, to deny Defendants' discovery prejudicially impairs their ability to defend the suit and it flies in the face of the rules.

## II. ARGUMENTS

### A. Defendants' Motion to Compel Relies Upon the Pleadings of Record

Plaintiffs' Brief curiously expresses apparent unfamiliarity with the requests at issue in this action. (DOC. 13, §III(A), pg. 5). Defendants incorporated and reasonably relied upon their letter brief in accordance with the procedures for raising this discovery dispute (DOC. 82) with attached exhibit and the discovery conference held in response thereto before this Court on September 9, 2024.

The Court, recognizing the practicalities involved in resolution of this matter in the context of the overall case, requested that the briefing in this matter be

[1] Counsel for Defendants had already at this time filed their letter seeking a discovery conference, exchanged numerous correspondences, and met and conferred with counsel for Plaintiffs, and therefore were taken somewhat aback by the request for clarification after so many discussions. Defendants remained without the information they requested while Plaintiffs showed no indication of providing same. Defendants therefore asked what additional clarification was required by Plaintiffs. Had Plaintiffs actually responded, instead of interpreting this inquiry as a denial, Defendants would have continued the exchange, which was only broken off by Plaintiffs.

succinct. Per the Court's request at that conference, Defendants prepared their Motion and Brief in Support with judicial economy in mind, consciously omitting all but the essential details based upon the interest in reaching substantive resolution. (DOC. 100). As discussed in the conference, and as this Court will no doubt recall, Defendants did not draft a lengthy recital of either the basic legal standard well known to this Court, nor a recapitulation of the issues already raised in the letters to this Court. It is misleading, at best, for Plaintiffs to profess ignorance as to the pertinence and substance of the dispute, or thereby retroactively seek to redefine or limit the scope of the dispute unilaterally. Defendants incorporated by reference their prior filings in this matter and elucidated the issues efficiently in light of the discovery conference.

### B. Defendants' Requests Meet the Standard of Relevance

Plaintiffs' Brief repeatedly argues that the requests subject to this Motion to Compel do not seek relevant information as a legal conclusion without applying the appropriate standard to the substantive issues in dispute. Plaintiffs have substituted their own truncated interpretation of relevancy to remove a degree of relation from the logical linkage between relevant discovery on the one hand, and admissible evidence on the other. While it is true that Defendants "do not care" about the membership of Plaintiff Coalition in and of itself [2] – this information is nevertheless

[2] DOC. 103, §III(B) quoting DOC. 22

relevant to Plaintiff's claims regarding the City's supposed dealings with Coalition members other than Plaintiff Feridun, and to their defense in enabling them to determine relevant deponents to notice or subpoena in order to disprove Plaintiffs' factual assertions underpinning its claims regarding Defendants' permitting regulations as supposedly applied to Plaintiffs in the course of their dealings. Fundamentally, Plaintiffs are attempting to assert contested material facts regarding the circumstances of the regulation of their activities, and then preclude Defendants from any discovery directed toward verifying or disproving the facts relied upon.

Federal Rule 26(b)(1) provides that any relevant, nonprivileged information that is proportional to the needs of the case is subject to discovery. Fed. R. Civ. P. 26(b)(1). Plaintiffs repeatedly asserted, without engaging with the underlying definition of relevance and applying it to the discovery issue before this Court, that the Defendants' requests are not relevant. The Courts have interpreted relevance to mean **any** matter that bears on or could reasonably lead to matters bearing on any issue in the case. *Angulo v. Tarapchak*, 2018 U.S. Dist. LEXIS 146441 at *1 (M.D. Pa. Aug. 28, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." *Robinson v. Folino*, 2016 U.S. Dist. LEXIS 120261, 2016 WL 4678340, at *2 (citing *Jackson v. Beard*, 2014 U.S. Dist. LEXIS 108454, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014). Plaintiffs have

conceded the matters at issue are nonprivileged in that they have not timely raised any claim of privilege, nor have they disputed the proportionality of the requests. Rather, they assert that the requests are irrelevant or are violative of First Amendment freedom of association without establishing any specific harm or risk of harm to show the chilling effect claimed. (See generally, DOC. 103).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *In re Urethane Antitrust Litigation*, 261 F.R.D. 570, 573 (D. Kan. 2009).

Relevant information need not be in and of itself admissible as evidence, nor must it bear directly on issues in the case so long as it is reasonably related to any other matters that could directly bear on any issue that may be in the case. *Angulo*, *supra*. It may nevertheless be instructive to consider additionally the standard for relevance as applied in the more demanding requirements for admissible evidence, which this Court will favor a finding that the information sought is relevant.

"Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is relevant unless it has "*no* tendency to prove [a consequential] fact." *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir. 1994) (citation omitted). Relevance is a "low bar." *Pennsylvania v. Thomas E. Proctor Heirs Trust,* 2021 U.S. Dist. LEXIS 232307, at 10 (Dec. 3, 2021)(Connor, J.), citing *Forrest v. Parry*, 930 F.3d 93, 114 (3d Cir. 2019).

Applied at the Discovery stage, rather than to admissibility of evidence, relevance is more broadly constructed to include not only those matters tending to prove a consequential fact but matters reasonably likely to lead to the former. Discovery is by necessity liberal and open to exploration of related information that could lead to more direct evidence because the parties are operating in an environment of informational deficit. The "presumption of broad disclosure" reflects the practical realities of litigation where one party holds information essential to avoid prejudice to the other in disposition of the claims. *In re Urethane Antitrust Litig*., 261 F.R.D. at 573. Applied specifically here, Defendants are faced with numerous factual assertions in Plaintiffs' Amended Complaint pertaining to the supposed actions of individuals acting on behalf of the Plaintiff Coalition, Better Path, other than the sole named individual Plaintiff, Ms. Feridun. It is reasonable

that Defendants are entitled to know who those individuals are to investigate whether there are issues of privilege, as the City has encountered in the recent past with former solicitors involved in or informally advising adverse litigants using privileged information about the City. Further, Defendants have need to depose individuals other than the sole named Defendant, Ms. Feridun, to address the factual assertions of activities on behalf of the Coalition in which she is not directly averred to have taken part. (See, DOC. 100, §IV(A)).

Plaintiffs' Amended Complaint relies upon the alleged burdensomeness and supposed impenetrability of the Defendants' permitting regulations, through repeated averments of their supposed difficulties in complying with those requirements. These averments refer to efforts undertaken by nameless, unidentified individuals other than Ms. Feridun acting on behalf of the Plaintiff Coalition. Defendants are entitled to discovery relating to these averred facts, which are relevant in that they bear upon or are reasonably likely to lead to information bearing upon the claims and defenses at issue.

Plaintiffs presume, without basis, that the sole legal standard governing the regulations applied to their activities concerns purely expressly activities. Defendants dispute this, and timely raised arguments in their Motion to Dismiss directed to the apparently commercial nature and aspects of the Plaintiffs' event in Riverside Park. (DOCS. 66, 68 §IV(A)). In disposing of this Motion, the Court noted

that Defendants' arguments were better suited to a judgment on the merits than a 12(b)(6) motion. (DOC. 92). The requests for financial information bear upon and are reasonably likely to lead to additional information bearing upon the City's defense of its permitting programs. The Court has implicitly endorsed the relevance of these issues and expressly stated that they would require additional evidence – beyond those matters of which the Court may take judicial notice, as Defendants argued in their Motion to Dismiss – to resolve. Plaintiffs cannot impose a blanket denial of this information merely because they disagree with Defendants' arguments in their own defense, and therefore deem such information to be irrelevant. A good-faith reading of the pleadings of record would clearly indicate that the finances of the Plaintiffs and the questions of the nature of their activities and therefore the applicable standard for Defendants' regulation thereof. Plaintiffs' Brief is dismissive of Defendants' arguments, but the standard for relevance does not depend upon an opponent's acceptance of defense asserted; if it did, no discovery would ever take place. Defendants have shown the relevance of this financial information to their defense and arguments disputing the applicable standard for First Amendment regulations of commercial activities with expressive elements as opposed to purely expressive activity. See, *Thomas v. Chicago Parks Dist*. 534 U.S. 316 (2002); *San Francisco Arts & Ath., Inc. v. United States Olympic Committee*, 483 U.S. 522 (1987).

The amorphous nature of the unincorporated coalition places it in an ambiguous relation to the entities covered by Rule 30(b)(6). Fed. R. Civ. P. 30(b)(6).[3] While Plaintiffs have asserted the right of such an entity to sue, and it logically follows that such an entity, if acting as a litigant, should be expected to respond as any other litigant would to requests for deposition, Defendants require additional information to determine which specific individuals within Plaintiff Better Path participated in the averred activities, preparations of documents and other responses on its behalf in its dealings with the City. Plaintiffs rely upon the factual substance of these activities to support their legal claims that the City's regulation of their activities was standardless or viewpoint based. Defendants are entitled to discovery to determine the veracity of these factual averments, which necessarily entails testimony or other evidence from the unnamed individuals averred. This information is once again clearly relevant to the defense of these claims.

**C. <u>Plaintiffs' Allegations of General Chill Are Without Merit</u>**

Plaintiffs misplace their reliance on the unconstitutionality of general governmental policies that required disclosure of donors and donations as a general

[3] Rule 30(b)(6) provides, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Plaintiff Better Path is an unincorporated association, arguably in the meaning of "an association" or "other entity," but the ability of Defendants to identify any specific individuals involved apart from Plaintiff Karen Feridun is compromised by Plaintiffs' blanket refusals to provide information about Better Path.

exercise of a state's plenary powers. See, *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595 (2021). The issue before this Court is not a local regulation imposing blanket disclosure requirements upon Plaintiffs, but rather, a request for nonprivileged, relevant information in a lawsuit Plaintiffs themselves initiated. Plaintiffs' argument is all the more nonsensical in light of their subsequent assertion that the issue is not public disclosure.[4] Rather, Defendants are acting, not as governmental entities exercising their lawmaking or regulatory powers, but rather, as litigants in a private civil suit, hauled into Court against their will, seeking information to present a defense. Plaintiffs have rebuffed Defendants' offer to stipulate to a protective order to address their putative concerns.

Plaintiffs' reliance upon *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) is no less dubious. To establish a chilling effect of First Amendment rights, an allegation of chill must incorporate "specific present objective harm or a threat of specific future harm." *Aiello v. Wilmington*, 623 F.2d 845, 857 (3d Cir. 1990), citing *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). There is no circumstance of reasonable apprehension of risk, violence, reputational or financial harm to members of Plaintiff coalition from the disclosure sought. Moreover, Plaintiffs held a public event in which they staged a march and held a festival in a public park, with at least

[4] "In this case, a threat of broad dissemination is not the primary concern." DOC. 103, §III(C), pg. 13.

some aspects of their sponsorship included in promotional materials. This is a strong contraindication of their supposed apprehension of risk or harm from disclosure. Plaintiffs have continued to fail to show how the information sought by Defendants would chill their organization – specifically, how the City of Harrisburg or Mayor Williams could harm the freedom of association of their members through some reasonable apprehension of threat or risk of harm. In fact, the number of sponsors seems to have grown during this litigation.

Plaintiffs' environmentalist cause is generally politically popular in the City and substantially overlaps with that of its majority Democratic government and electorate. Defendants do not oppose Plaintiffs in principle, but rather, Defendants are compelled to defend themselves against Plaintiffs' unreasonable and legally baseless objections to their regulations. Plaintiffs repeatedly assert – without basis – that they were subject differing and worse treatment because of the viewpoint they expressed, despite the fact that Defendants' regulations are and have been generally applied to those seeking either to cordon off City streets or to raise structures and reserve space in City parks. The absence of specificity of harm alleged is fatal to Plaintiffs' allegations of a chilling effect. General allegations of chill do not suffice to show a First Amendment violation.

Plaintiffs' arguments for anonymity are inapplicable to the specific circumstances here. Again, the question before this Court is not a general

governmental regulation compelling disclosure in a statutory or regulatory scheme. Rather, while Defendants may be government entities, they stand in the same position as any other civil defendant in private litigation. Without any specific demonstration of how Defendants' governmental aspect could result in specific harm to Plaintiffs in disclosing the discovery sought, they must be treated no differently from any other defendant seeking discovery into the entity suing them. Plaintiffs rely on *Centro de la Communidad Hispana de Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127 (E.D.N.Y. 2013) to assert the centrality of anonymity to their own organization. Plaintiffs' conduct here clearly belies the applicability of this argument to Plaintiff Better Path. To the contrary, Better Path has relied upon high visibility public displays, publicized sponsor lists, and held public testimonials by its members to raise visibility for their organization and their causes. Plaintiffs have also continually failed to show any concrete or specific harm or risk of future harm from disclosure, merely reciting vague, generic allegations of chill and citing precedents where the party's resisting discovery had shown through the factual record the existence of such risk – while failing to apply this standard to themselves. Unlike Better Path here, Centro de la Communidad Hispana de Locust Valley had established a factual record showing a history of harassment and intimidation, anti-Latino racial animus, and a likelihood of "adverse social, political, and economic consequences" from disclosure. *Id.*, at 141.

> Further, the evidence in the record demonstrating that the Town has shown hostility toward day laborers and Latino immigrants gives rise to a reasonable probability that the disclosure in question would subject Centro, who advocates on behalf of Latino day laborers, to threats, harassment, or reprisals. Mr. Perez discusses the general anti-Latino sentiment that day laborers face, explaining, "I am personally aware of and have witnessed extreme, public anti-Latino sentiment by both residents as well as local and state government officials on Long Island." (Perez Decl. ¶ 11). As Ms. Torres explains, this sentiment reaches the day laborers, including members of Centro, who "have long complained to me about harassment and intimidation by neighbors, government officials, and law enforcement officers." (Torres Decl. II ¶ 5).
> *Centro*, *supra*, at 141.

Moreover, *Centro* concerned the affirmation of a protective order granted at the magisterial level, which enjoyed a presumption of validity. Here, Plaintiffs are asserting such a privilege without any judicial determination thereof, and once again, with no showing whatsoever of specific harm or risk of harm. Plaintiffs are not subject to any of the concrete harms or risks of harm necessary to support a finding of chilling effect.

### D. <u>Due Process in Civil Litigation</u>

Plaintiffs have asserted allegations against Defendants, the underlying facts of which depend upon knowledge and activities of individuals whose identities Plaintiffs have actively concealed from Defendants and refused to disclose. Due process in civil proceedings, no less than in criminal matters, requires that the accused parties have the opportunity to confront their accusers *Mathews v. Eldridge*,

424 U.S. 319, 333 (1976). Due process is flexible, calling for procedural protections as a particular situation demands. *Id*. at 334. Here, determining these individuals and their testimony only makes sense at a stage when the parties also may undertake further investigation during discovery.[5] Plaintiff Feridun was one of several organizers, and is notably omitted from significant sections of Plaintiff's Amended Complaint as stated in Defendants' Brief in Support of Motion to Compel. (See, DOC. 100). Plaintiffs cannot withhold these individuals until the eleventh-hour of trial and only introduce them as witnesses when Defendants will no longer have the benefit of additional discovery into those witnesses, as Plaintiffs suggest. (DOC. 103, §III(D), pg. 14). It is not in the interests of justice or judicial economy to vindicate Plaintiffs' efforts to conceal relevant information until after the close of discovery. The purpose of depositions is, in part, to ensure that witness testimony at trial has been sufficiently vetted and investigated such that both parties are operating under the same, agreed upon factual foundation.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this honorable Court grant the Defendants' Motion to Compel.

---

[5] See, *Fosselman v. Comm'r of Human Servs*., 612 N.W.2d 456, 462 (Minn. App. 2000) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 269, 90 S. Ct. 1011, 1021 (1970)) ("In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine witnesses.").

Date: October 14, 2024

Respectfully submitted,

**Lavery Law**

By: */s/ Murray J. Weed*
Murray J. Weed, Esquire
Attorney No. PA329717
Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Matthew O. Sanyour, Esquire
Attorney No. PA323694
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
mweed@laverylaw.com
flavery@laverylaw.com
msanyour@laverylaw.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Michelle R. Principato, an employee with the law firm of Lavery Law, do hereby certify that on this 14th day of October 2024, I served a true and correct copy of the foregoing Reply Brief in Further Support of Motion to Compel via the U.S. Middle District Court's electronic case filing system on all counsel of record.

*/s/ Michelle R. Principato*
Michelle Principato
Legal Assistant